```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ATIYA JOHNSON, | No. 1:21-cv-10429-NLH-AMD |
| Plaintiff, | |
| v. | OPINION |
| NEW JERSEY STATE BOARD OF COSMETOLOGY AND HAIRSTYLING, EXECUTIVE DIRECTOR JAY A. MALANGA, INVESTIGATOR CHRISTINE GREEN, | |
| Defendants. | |

**APPEARANCES**:

ATIYA JOHNSON
144 GLASSWYCKE DRIVE
GLASSBORO, NJ 08028

    *Pro se.*

RAQUEL YVONNE BRISTOL
NJ OFFICE OF THE ATTORNEY GENERAL
DIVISION OF LAW, CONSUMER AFFAIRS COUNSELING
124 HALSEY ST.
P.O. BOX 45029
NEWARK, NJ 07102

    *On behalf of Defendant.*

**HILLMAN, District Judge**

    Before the Court is Defendants' motion to dismiss Plaintiff's Complaint (ECF 10) under Rules 12(b)(1) and 12(b)(6). For the reasons expressed below, the motion will be granted.

**BACKGROUND**

The complaint in the instant matter involves claims of violation of the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment.  Atiya Johnson's ("Plaintiff") handwritten, pro se complaint provides very little detail of the events underlying this action.  Plaintiff claims that the New Jersey State Board of Cosmetology and Hairstyling ("NJSBCH") and two of its employees, Jay Malanga and Christine Green, ("Defendants") unlawfully conspired to deny her a license to operate a hair salon and a cosmetology school.  (ECF 1 at 3).  The one-paragraph description of Plaintiff's grievance simply states that she was denied a license because of bias and prejudice.  (Id.)  Plaintiff seeks $2 million in monetary damages from Defendants[1].  (Id.)  Defendants have moved to dismiss the complaint in its entirety, arguing that it is barred by the Eleventh Amendment and that Plaintiff otherwise fails to state a claim (ECF 10-1).

**DISCUSSION**

**I. Subject Matter Jurisdiction**

This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331.

---

[1] Plaintiff's complaint also seeks injunctive relief.  (Id. at 4).  That request is moot, though, since the NJSBCH has since granted Plaintiff licenses for her salon and cosmetology school.  (ECF 15).

## II.   Standard for Rule 12(b)(1) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(1), a claim can be dismissed for "lack of jurisdiction over the subject matter." A motion under Rule 12(b)(1) "attacks the right of a plaintiff to be heard in Federal Court." Doughty v. U.S. Postal Serv., 359 F. Supp. 2d 361, 364 (D.N.J. 2005) (quoting Cohen v. Kurtzman, 45 F. Supp. 2d 423, 428 (D.N.J. 1999)).  There are two types of Rule 12(b)(1) motions: one which presents a "facial challenge" and one which presents a "factual challenge."  See Constitution Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014) (citing In re Schering Plough Corp. Intron, 678 F.3d 235, 243 (3d Cir. 2012)); Petruska v. Gannon Univ., 462 F.3d 294, 302 n.3 (3d Cir. 2006) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

If a motion to dismiss presents a "facial attack," a court must assume the allegations in a complaint are true and may only dismiss claims when the pleadings fail to present an action within a court's jurisdiction.  Mortensen, 549 F.2d at 891. "[I]n that respect such a Rule 12(b)(1) motion is similar to a Rule 12(b)(6) motion."  Petruska, 462 F.3d at 302 n.3 (citing Mortensen, 549 F.2d at 891).  By contrast, when the motion to dismiss presents a factual attack,

> there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  In

3

> short, no presumptive truthfulness attaches to
> plaintiff's allegations, and the existence of disputed
> material facts will not preclude the trial court from
> evaluating for itself the merits of jurisdictional
> claims.  Moreover, the plaintiff will have the burden
> of proof that jurisdiction does in fact exist.

Mortensen, 549 F.2d at 891; see also Aichele, 757 F.3d at 358 (explaining differences between a facial and factual attack under Rule 12(b)(1)).  This motion to dismiss is a facial attack because Defendants argue that the Eleventh Amendment is an absolute bar to this action.  Ecurie Reve Avec Moi, Inc. v. New Jersey Racing Commission, 2017 WL 6403001, at *2 (D.N.J. Aug. 11, 2017), aff'd sub nom. Ecurie Reve Avec Moi Inc./Dream With Me Stable Inc. v. New Jersey Racing Comm'n, 767 F. App'x 233 (3d Cir. 2019) ("The Eleventh Amendment-immunity defense is a facial attack on federal jurisdiction and is therefore decided in the same procedural posture as a motion to dismiss pursuant to Rule 12(b)(1)."); Stull v. Commonwealth of Pennsylvania, 2015 WL 672218, at *3 (M.D. Pa. Feb. 17, 2015) (explaining that an argument that the Eleventh Amendment bars subject matter jurisdiction is a facial attack).

### III. **Standard for Rule 12(b)(6) Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as

4

true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. Malleus v.

George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's

claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

**IV. Analysis**

At the outset, the Court notes that Plaintiff is proceeding pro se in this action, and therefore, the Court must construe her complaint liberally. See Wallace v. Fegan, 2011 WL 6275996, at *1 (3d Cir. Dec. 16, 2011) ("Pleadings and other submissions by pro se litigants are subject to liberal construction[.]) (citing Higgs v. Att'y Gen ., 655 F.3d 333, 339 (3d Cir.2011)). Even under such a liberal pleading standard, the Court holds that the Eleventh Amendment bars Plaintiff's suit, and therefore will dismiss the complaint under Rule 12(b)(1). Ayoub v. Com. Dep't of Pub. Welfare, 2002 WL 31778801, at *1 (E.D. Pa. Dec. 12, 2002) (noting that a facial attack based on the Eleventh Amendment challenges the Court's subject matter jurisdiction).

The Eleventh Amendment bars suit for monetary or injunctive relief against non-consenting states. Deal v. Velez, 244 F. Supp. 3d 435, 442 (D.N.J. 2017) (noting that generally monetary and injunctive relief, except for prospective injunctive relief, are barred by the Eleventh Amendment). This sovereign immunity

7

under the Eleventh Amendment does not end with the state itself but also "extends to state entities that are sufficiently intertwined with the state to be arms of the state" as well as to "state officials acting in their official capacity." Ecurie Reve Avec Moi Inc./Dream With Me Stable Inc. v. New Jersey Racing Comm'n, 767 F. App'x 233, 236 (3d Cir. 2019).  The principal exception to the doctrine exists where a plaintiff sues a state official in his or her official capacity seeking solely prospective injunctive relief.  Laskaris v. Thornburgh, 661 F.2d 23, 26 (3d Cir. 1981) ("To the extent that the appellant's complaint seeks prospective relief against the state officials, therefore, the district court has the power to grant it.")  That exception, however, is not at play in this case as the only remaining claim before the Court is Plaintiff's request for money damages.

The Court first holds that the NJSBCH is an arm of the state.  In so holding, the Court considers the factors laid out in Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 659 (3d Cir. 1989), namely "(1) whether the payment of the judgment would come from the state; (2) what status the entity has under state law; and (3) what degree of autonomy the entity has."  Karns v. Shanahan, 879 F.3d 504, 513 (3d Cir. 2018). These three factors are to be weighted equally.  Id.

The NJSBCH is housed in the Division of Consumer Affairs

within the New Jersey Department of Law and Public Safety. N.J. Stat. Ann. § 52:17B-124, 126. Courts in this district have already held that the New Jersey Department of Law and Public Safety and the Division of Consumer Affairs were arms of the state for the purpose of Eleventh Amendment immunity. See Kaul v. Christie, 372 F. Supp. 3d 206, 243 (D.N.J. 2019) (noting that the Division of Consumer Affairs had been held to be an arm of the state); Cook v. Superior Ct. of N.J., 2010 WL 2836409, at *1 (D.N.J. July 14, 2010) (noting that the New Jersey Department of Law and Public Safety was an arm of the state). Further, looking independently at the NJSBCH through the lens of the Fitchik factors, it is clear that it is an arm of the state.

First, any money judgment in favor of Plaintiff against the NJSBCH would have to come from the state treasury. N.J. Stat. Ann. § 52:17B-36 ("The treasurer or custodian of the funds of each of the respective boards enumerated in section twenty-nine hereof shall, on the effective date hereof, through the Attorney General, transfer to the State treasury all funds and investments belonging to such board."); Quern v. Jordan, 440 U.S. 332, 337(1979) ("[A] suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.") Plaintiff does not proffer any support for the proposition that monetary damages would not come from the state

9

treasury.

Next, as for the status of NJSBCH under state law, it was created as a part of an intricate statutory scheme. A helpful case in considering this factor is <u>Allen v. New Jersey State Police</u>, 974 F.3d 497, 506 (3d Cir. 2020), which considered whether the New Jersey State Police, which was organized under the New Jersey Department of Law and Public Safety, was entitled to Eleventh Amendment immunity. In answering in the affirmative, the Third Circuit considered that the New Jersey Department of Law and Public Safety, of which the New Jersey State Police was a division, was an executive department. <u>Id</u>. It also considered that the head of the New Jersey State Police was appointed by the Governor and that the division's purpose was "indisputably" governmental. <u>Id</u>. The same considerations counsel a finding that the NJSBCH is an arm of the state.

First, the NJSBCH falls under the Division of Consumer Affairs in the New Jersey Department of Law and Public Safety. (New Jersey State Board of Cosmetology and Hairstyling, https://www.njconsumeraffairs.gov/cos#:~:text= The%20purpose%20of%20the%20Board,in%20compliance%20with%20State% 20law (last visited February 21, 2022)) ("NJSBCH Homepage"). Second, the head of the Division of Consumer Affairs is appointed by the Governor. N.J. Stat. Ann. § 52:17B-120 ("The division shall be under the immediate supervision of a director

who shall administer the work of the division under the direction and supervision of the Attorney General. He shall be appointed by the Governor, with the advice and consent of the Senate, and shall serve at the pleasure of the Governor.") Further, the NJSBCH's official website lists its purposes as to "protect the health, safety and welfare of the people of New Jersey; regulate the practice of cosmetology-hairstyling; and ensure that cosmetology-hairstyling is performed in compliance with State law."  (See NJSBCH Homepage).  The NJSBCH clearly operates for a governmental purpose.

Third, in terms of the degree of autonomy that the NJSBCH has, it is clearly closely controlled by the state of New Jersey.  Notably, the Attorney General of New Jersey has power to direct much of the investigative functioning over the Division of Consumer Affairs, which in turn has power to supervise the NJSBCH.  N.J. Stat. Ann. § 52:17B-122; (NJSBCH Homepage) (promulgating rules that affect the NJSBCH in relation to the Covid-19 pandemic).  Considering each of these three factors equally, the Court holds that the NJSBCH is an arm of the state for Eleventh Amendment purposes. Karns, 879 F.3d at 519 ("Weighing and balancing the qualitative strength of each factor in the context of the circumstances presented, we hold that NJ Transit is an arm of the state.")  Thus, the remaining claim for monetary relief against the NJSBCH and its employees

11

in their official capacities is barred. Id. ("We therefore conclude that NJ Transit is entitled to claim the protections of Eleventh Amendment immunity, which in turn functions as an absolute bar to any claims in this case against NJ Transit and the officers in their official capacities.")

Further, to the extent that Plaintiff tries to state a claim against Malanga and Green in their individual capacities, such allegations must be dismissed for failure to state a plausible claim under Rule 12(b)(6). Plaintiff couches the issues in question as violation of the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment. However, Plaintiff has failed to allege any actions taken by those Defendants that would amount to a violation of her constitutional rights.

In this case, for there to be a violation of Plaintiff's due process rights in obtaining licenses, she must have been deprived of an entitlement. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire" and "more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 756 (2005). Even though Plaintiff was ultimately granted a license, at the time that she filed her complaint, she had not yet obtained one. Generally, the law recognizes less protections

12

for individuals with speculative hopes of obtaining licenses versus those who already have them. Bell v. Burson, 402 U.S. 535, 539, 91 S. Ct. 1586, 1589, 29 L. Ed. 2d 90 (1971) (noting the difference in the entitlement of an individual who was applying for a license versus one whose license was suspended); Pascarella v. Swift Transp. Co., 643 F. Supp. 2d 639, 649 (D.N.J. 2009) ("[T]here is no right to receive a driver's license[.]"); O'Neill v. Town of Nantucket, 545 F. Supp. 449, 452 (D. Mass. 1982), aff'd, 711 F.2d 469 (1st Cir. 1983) ("[T]he applicants have no general right to be licensed to operate electronic game machines and could not reasonably rely on those licenses being granted."); Marin v. McClincy, 15 F. Supp. 3d 602, 612 (W.D. Pa. 2014) (holding that there was no right for an applicant to an EMS license).

Assuming for the purposes of this decision that Plaintiff did have a property interest here, her pleading is devoid of facts necessary to make out a plausible claim of a due process violation. Indeed, it is unclear whether Plaintiff is complaining that the process for receiving a license was unfair or it was the denial of her license applications itself that violated her due process rights. (See ECF 1 at 3); Sauers v. Lower Southampton Twp., 403 F. App'x 661, 663 (3d Cir. 2010) (noting that a plaintiff pleading a substantive due process violation must plead conduct that shocks the conscience); Hill

13

v. Borough of Kutztown, 455 F.3d 225, 233–34 (3d Cir. 2006) ("To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law.") (internal quotation marks omitted).  Plaintiff has not identified what conduct here shocks the conscience or what procedures were deficient.  Thus, Plaintiff has not stated a plausible claim of violation of the Fourteenth Amendment Due Process Clause per Rule 12(b)(6).  Malleus, 641 F.3d at 563.

Finally, Plaintiff fails to make out a claim of violation of the Equal Protection Clause of the Fourteenth Amendment.  Put simply, Plaintiff does not draw any link between Malanga and Green's conduct and discrimination on the basis of membership in a protected class. Watlington on behalf of FCI Schuylkill Afr. Am. Inmates v. Reigel, 723 F. App'x 137, 139 (3d Cir. 2018) ("As to the equal protection claim, in order to state such a claim, [the plaintiff] must allege that he was treated differently from other similarly situated [individuals], and that this different treatment was the result of intentional discrimination based on his membership in a protected group, in this case his race.") Plaintiff states in a conclusory manner that Green had "bias and prejudice" toward her and that Green and Malanga "acted in

14

concert to deny [her] right[s.]" (ECF 1 at 3).  These paltry statements are not enough.  Plaintiff does not identify which protected class forms the underpinnings of her claim and does not allege a causal link between any unlawful discrimination and damage to her.  Hines v. Ferguson, 2019 WL 4772215, at *6 (E.D. Pa. Sept. 27, 2019) (holding that speculative claims of violation of equal protection do not pass muster); Hurt v. Birkett, 566 F. Supp. 2d 620, 628 (E.D. Mich. 2008) (recognizing that causation is an element of an equal protection claim).  The speculative and conclusory pleading of Plaintiff's equal protection claim fails to survive under Rule12(b)(6).  Malleus, 641 F.3d at 563.

## CONCLUSION

For the reasons expressed above, Defendant's motion to dismiss the Complaint (ECF 10) will be granted in its entirety.  The Court shall grant Plaintiff thirty (30) days to amend her complaint to state a plausible claim if she may do so consistent with this Opinion.

An appropriate Order will be entered.


Date: March 3, 2022                    /s Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.