UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ATIYA JOHNSON,

              Plaintiff,          Civ. No. 1:21-cv-10429-NLH-AMD

      v.                  **OPINION**

NEW JERSEY STATE BOARD OF
COSMETOLOGY AND HAIRSTYLING,
EXECUTIVE DIRECTOR JAY A.
MALANGA, INVESTIGATOR
CHRISTINE GREEN,

              Defendants.

**<u>APPEARANCES</u>:**

ATIYA JOHNSON
144 GLASSWYCKE DRIVE
GLASSBORO, NJ 08028

     *Plaintiff appearing Pro Se*

RAQUEL YVONNE BRISTOL
NJ OFFICE OF THE ATTORNEY GENERAL
DIVISOIN OF LAW, CONSUMER AFFAIRS COUNSELING
124 HALSEY ST.
P.O. BOX 45029
NEWARK, NJ 07102

     *On behalf of Defendants*

**<u>HILLMAN</u>, District Judge**

     This matter has come before the Court pursuant to Atiya

Johnson's ("Plaintiff") Motion for Relief of Judgment or Order

Pursuant to Federal Rule of Civil Procedure 60(b)1 and (6) (ECF

No. 21) received on April 18, 2022, and an Amended Complaint

filed on April 20, 2022 (ECF No. 22).  Plaintiff's Motion for
Relief from Judgment in essence sought relief from an earlier
Order of the Court granting Plaintiff a certain period of time
to file a proposed Amended Complaint which had passed without
Plaintiff providing an Amended Complaint.  (ECF No. 17).

### BACKGROUND

Plaintiff filed her first complaint on April 29, 2021,
alleging violations of the Due Process and Equal Protection
clauses of the Fourteenth Amendment.  Plaintiff alleged that the
New Jersey State Board of Cosmetology and Hairstyling and two of
its employees, Jay Malanga and Christine Green, (collectively,
"Defendants") unlawfully conspired to deny her a license to
operate a hair salon and a cosmetology school.  (ECF No. 1 at
3).  The parties commenced briefing and in January of 2022
Plaintiff received the salon and school licenses that she
sought.  (ECF No. 15).  Plaintiff sent a "Certification" on
February 28, 2022, stating that she was not satisfied by the
school license because there was a "stipulation" that would
prevent her ability to sell the school should she choose to in
the future.  (ECF No. 16).

The Court dismissed the original complaint on March 4, 2022
because Plaintiff's "speculative and conclusory pleading" failed
to survive Rule 12(b)(6) review.  (ECF No. 17 at 15).  However,
this Court granted Plaintiff thirty days to amend her complaint

to state a plausible claim.  (Id.).  Plaintiff provided a
"Response to the Court's Action" on April 1, 2022 – within the
30-day window - reiterating her dissatisfaction with the
"stipulation" related to the school license and asking for the
court to give "defendant reasonable/ample time to complete the
partially settled matters" pursuant to Federal Rule of Civil
Procedure 8(a)(3).[1]  (ECF No. 19 at 3, 4).  The motion
essentially asked the Court to reconsider it prior ruling.  No
proposed amended complaint was attached.

Defendant responded with a letter on April 7, 2022, which
did not address Plaintiff's allegations of "partial settlement,"
and "deem[ed] the matter to be closed in accordance with the
Court's March 4th Order" noting that the time to file the Amended
Complaint had run.  (ECF No. 20).  Plaintiff then filed a Motion
for Relief from Judgment pursuant to Rule 60(b) on April 18,
2022, and then subsequently filed an Amended Complaint on April
20, 2022 out of time.  (ECF Nos. 21 and 22).  On May 2, 2022
Defendants filed an opposition to Plaintiff's Rule 60(b) Motion.
(ECF No. 23).  Defendants subsequently filed a Cross Motion to
Dismiss on May 4, 2022.  (ECF No. 24).  Thus, the matter is ripe

---

[1] Federal Rule of Civil Procedure 8(a)(3) is inapplicable in this
context.  That subsection of Rule 8 simply says that a pleading
asserting a claim must include what the common law, later
codified, called an *ad damnum* clause or a demand of the relief
sought.

for adjudication.

## DISCUSSION

### I.    Standard for Motion Pursuant to Rule 60(b)

Rule 60(b) is only applicable to final judgments.
Dinnerstein v. Burlington County, No. 13-5598, 2015 WL 224428,
at *1 (D.N.J. Jan. 14, 2015) ("an order dismissing a complaint
without prejudice is not a final order as long as the plaintiff
may cure the deficiency and refile the complaint.").  According
to Rule 60(b), the Court has discretion to provide relief in
final judgments for equitable reasons, in pertinent part: "(1)
mistake, inadvertence, surprise, or excusable neglect. . . (6)
any other reason that justifies relief."  Rule 60(b)(1) and (6);
see also Pierce Assoc. Inc. v. Nemours Found., 865 F.2d 530, 548
(3d Cir. 1988) ("[a] motion for relief under Rule 60(b) is
directed to the sound discretion of the trial court.").

In general, motions pursuant to Rule 60(b) are to be
granted sparingly.  Jones v. Lagana, No. 12-5823, U.S. Dist.
LEXIS 101488, at *2-3 (D.N.J. Aug. 3, 2016) ("[a] court may
grant a Rule 60(b) motion only in extraordinary circumstances,
and a Rule 60(b) motion is not appropriate to reargue issues
that the court has already considered and decided."); Brackett
v. Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *2
(D.N.J. Oct. 7, 2003).  For motions that seek relief under Rule
60(b)(1), a three-part test applies: (1) Whether the plaintiff

will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether the default was the result of defendant's culpable conduct.  Smith v. Kroesen, No. 10-5723, 2016 U.S. Dist. LEXIS 132171, at *5-6 (D.N.J. Sept. 27, 2016). Under Rule 60(b)(6), the three-part test does not apply; rather the court must consider whether extraordinary circumstances justify reopening the judgment.  Id. at 6.  Motions pursuant to Rule 60(b)(1) have a time limitation of one year after final judgment, and those motions that seek relief under Rule 60(b)(6) are generally time barred after one year unless extraordinary circumstances delayed the filing.  Lagana, LEXIS 101488, at *4-5; see also Gordon v. Monoson, 239 F. App'x 710, 713 (3d Cir. 2007).

## II. **Analysis**

### a. **Motion Pursuant to Rule 60(b)**

Because Plaintiff's complaint was dismissed without prejudice, Plaintiff could bring file a proposed amended complaint asserting sufficient facts to state a plausible claim for relief and was in fact instructed to do so in this Court's prior Opinion.  (ECF No. 17 at 15).  Therefore, a Rule 60(b) motion is not a device Plaintiff can use at this time to remediate the fact that she did not file her Amended Complaint within the 30-day period granted by this Court.  See Dinnerstein v. Burlington County, No. 13-5598, 2015 WL 224428, at *1 (D.N.J.

Jan. 14, 2015) ("an order dismissing a complaint without prejudice is not a final order as long as the plaintiff may cure the deficiency and refile the complaint.").

However, fairly read, the motion ultimately was one requesting additional time for the resolution of the matter. Given that the Plaintiff is pro se, and reading the motion liberally, it appears the true intent of her request was to have an extension of time.  And though her submission was not in compliance with the Local Civil Rules for requesting an extension of time, the Third Circuit prefers for decisions to be made "on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir. 1990).  Therefore, to the extent that Plaintiff requested additional time, the Court will grant such a request and review the proposed Amended Complaint on the merits.

### b. **The Amended Complaint**

Plaintiff was granted leave of 30 days to file an amended complaint when her original complaint was dismissed on March 4, 2022.  (ECF No. 17).  Despite this opportunity, Plaintiff appears to concede that she is unable to plead any additional facts that would warrant the filing of the Amended Complaint. In her letter responding the dismissal of the original complaint Plaintiff argues: "[i]n respect to the court's 30 day period granted in order for an amended complaint.  The need for an

amended complaint would be an unnecessary burden on the
defendant and the court since the substance of the complaint
would be the same.  Plaintiff is not seeking to unnecessarily
burden the defendant or the court with matters that have already
reached an epilogue and can be resolved totally with deliberate
speed and no further action or proceedings minus the resolution
between the two parties."  (ECF No. 19 at 3).

A review of the proposed Amended Complaint plaintiff filed
on April 20, 2022 bears out Plaintiff's seeming concession.  As
the Court's March 4, 2022 Opinion holds, after consideration of
the factors as described in Allen v. New Jersey State Police,
the New Jersey State Board of Cosmetology and Hairstyling
("NJSBCH") is an arm of the state for Eleventh Amendment
purposes, barring Plaintiff's claim for monetary relief against
the NJSBCH and its employees in their official capacities.  (ECF
No. 17 at 11-12); Allen v. New Jersey State Police, 974 F.3d
497, 506 (3d Cir. 2020).  Plaintiff has not provided any new
facts in the proposed Amended Complaint that would alter that
analysis.  Thus, her claims against the NJSBCH remain barred.

To the extent that Plaintiff tried to assert claims against
Malanga and Green in their individual capacities in her original
complaint, the Court found that the allegations were not
sufficient to state a claim pursuant to the Federal Rules of
Civil Procedure 12(b)(6), (ECF No. 17 at 12), and again nothing

in the proposed Amended Complaint changes that calculus. Plaintiff simply reasserts that there was a violation of her civil rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment because the license she received in October 2021 was nontransferable. (ECF No. 22 at 2). Again, Plaintiff does not present any new facts to suggest that her constitutional rights have been violated by these Defendants specifically.

Plaintiff was explicitly instructed by the Court's March 4, 2022 Opinion that in order to state a claim regarding her property interests under the Due Process clause she was required to plead conduct that shocked the conscience in order to demonstrate a substantive due process violation, or demonstrate constitutionally deficient procedures. Sauers v. Lower Southampton Twp., 403 F. App'x 661, 663 (3d Cir. 2010); Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006). Plaintiff has failed to provide any new facts or more specific information regarding deficient procedures or any incidents that "shock the conscience" in her Amended Complaint.

She simply reasserts that she is being prejudiced because her license had a stipulation that she could not transfer the school due to the fact that it did not meet square footage requirements. See (ECF No. 22 at 4A-C) ("The first with a stipulation attached, means she is being prejudiced."); (ECF No.

23 at 8) ("The inspector surveyed the school and noted its measurements int detail.  The Initial School Inspection report indicated that Jana's Cosmetology Academy's working-space square footage was only 2,212.53 feet, which was 37.47 square feet less than the required minimum. ... Plaintiff articulate[s] her displeasure with the Board's policy to restrict the transferability of a Board-licensed entity, due to a non-conformity – its size.").

Simply restating that Plaintiff has dealt with "arbitrary denials from defendants" is not sufficient to overcome the noted deficiencies in Plaintiff's original complaint.  Plaintiff reiterated that, in 2019, she was told she needed a wall to separate the school from the salon, and when she complied, she did not receive a license.  (ECF No. 22 at 3).  However, in 2021, Plaintiff did receive a license, but which had a stipulation attached, as noted, that it would be non-transferrable due to the fact that the size of the facility did not conform to state standards.  (Id.).  Plaintiff notified the Court of this stipulation on February 28, 2022, approximately 4 months after the license had been issued.  (ECF No. 16).  Plaintiff asserts in her letter to the Court that the school has 3,475 square feet, more than the 2,250 square feet required by statute.  (Id.).  Although the stipulation attached to her certificate is new information to the Court (in relation to her

original complaint, which focused on the required separation
between the salon and school), the details Plaintiff has
provided in her Amended Complaint are not sufficient to
demonstrate that the procedures Plaintiff was subject to were
deficient, nor does she report any incidents that "shock the
conscience."

The mere fact that the State administration decision may be
in error as a matter of state law does not alone establish a
violation of due process.  See Bowman v. Burroughs, No. 07-185,
2008 WL 5427910 at *9 (W.D.Pa. Dec. 30, 2008) ("A plaintiff
cannot establish a violation of the Due Process Clause merely by
showing that the process in question has produced a
determination that is erroneous as a matter of state law."); see
also Gryger v. Burke, 334 U.S. 728, 731 (1948) ("We cannot treat
a mere error of state law, if one occurred, as a denial of due
process; otherwise, every erroneous decision by a state court on
state law would come here as a federal constitutional
question."); Wood v. Conneaut Lake Park, Inc., 386 F.2d 121, 125
(3d Cir. 1967)("When the parties have been fully heard in the
regular course of judicial proceedings, an erroneous decision of
the state court does not deprive the unsuccessful party of his
property without due process of law.").  In such situations,
Plaintiff's remedy is the state administrative and judicial
appeal process.  The mere fact, without more, that a state

administrative body or state court erred in its interpretation
of state law is not enough to establish a federal claim of a
denial of due process.  Thus, Plaintiff's Amended Complaint does
not have sufficient allegations to support a substantive due
process violation.

Plaintiff's Amended Complaint also fails to make out a
claim of violation of the Equal Protection Clause.  Plaintiff
does not provide any information about the inspector's or
Defendants Malanga's and Green's conduct to show discrimination
on the basis of membership in a protected class.  In order to
state a claim of violation of the Equal Protection Clause, a
plaintiff must allege that he or she was treated differently
from other similarly situated persons and that this difference
in treatment was the result of intentional discrimination based
on his or her membership to a protected group.  Watlington on
behalf of FCI Schuylkill Afr. Am. Inmates v. Reigel, 723 F.
App'x 137, 139 (3d Cir. 2018).

Similar to her original complaint, Plaintiff only asserts
that she was "prejudiced" by the "arbitrary denials from
Defendants."  (ECF No. 22 at 4A).  And while the Court hears
Plaintiff's frustrations about the journey to obtain her
license, these assertions are not enough to fix the deficiencies

in her Complaint as described in detail in the Court's March 4, 2022 Opinion.[2]

Finally, Defendants filed a cross motion to dismiss the Amended Complaint on May 4, 2022 because Defendants requested affirmative relief in their Opposition to Plaintiff's 60(b) Motion.  (ECF No. 25).  However, Plaintiff's Amended Complaint fails to remedy the deficiencies as outlined in the Court's March 4, 2022 Opinion, as explained above, and therefore the Court must dismiss the Amended Complaint with prejudice. Consequently, Defendant's cross-motion for dismissal is moot.

### CONCLUSION

Accordingly, Plaintiff's Amended Complaint will be dismissed with prejudice.

An appropriate Order will be entered.


Date: January 23, 2023                s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[2] The Court notes that Defendants mention that the restriction on transferability is an issue "that should be directed to the Board."  (ECF No. 23 at 8).  To the extent that Plaintiff has not yet exhausted her administrative remedies, the Court encourages Plaintiff to pursue them with the NJSBCH.